## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | | |
|---|---|---|
| YOSSELIN BEDOLLA | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 2:25-cv-2092 |
| | ) | |
| TRUEACCORD | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Yosselin Bedolla, by and through the undersigned counsel, and for her Complaint against Defendant, TrueAccord ("TA") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Defendant is headquartered in Lenexa, and Defendant transacts business here.

3.      Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4.      Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5.      Plaintiff resides in the city of Hollister, a part of San Benito County, CA, 95023.

6.      The acts that occurred giving rise to this complaint occurred while Defendant was headquartered in Kansas, making this Court a proper venue under 28 U.S. Code § 1391(b)(2).

1

## STANDING

7.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

8.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

9.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

10.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

11.     Plaintiff, Yosselin Bedolla, (hereafter "Plaintiff"), is a natural person currently residing in the State of California.

12.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

13.     Defendant, TA, is a corporation with its principal offices at 16011 College Blvd., Suite 130, Lenexa, KS 66219.

14.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

15.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

17.     The alleged debt was said to be owed to TA and therefore would only have been incurred for personal or household use.

18.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     On a date better known by TA, TA began to attempt collection activities on Plaintiff's alleged debt.

20.     On or about January 9, 2024, Plaintiff received an email from TA about an alleged debt.

21.     On or about January 10, 2024, Plaintiff responded to the email from TA and notified TA that they refused to pay the alleged debt.

22.     This email was received by TA on January 10, 2024, at 1:24 p.m. CST.

23.     This written notification is considered completed upon receipt, pursuant to 15 U.S.C. § 1692c(c).

24.     On that date, TA was aware that Plaintiff was refusing to pay the debt.

25.    On that date, TA was aware that if Plaintiff recovered the funds to pay the alleged debt, Plaintiff would initiate the communication.

26.    Thereafter, on February 23, 2024, TA emailed Plaintiff in an attempt to recover payment for the alleged debt.

27.    The email is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.    This email was not for the purpose of confirming collection efforts are being terminated.

29.    This email was not for the purpose of notifying the consumer of any special remedies it may invoke.

30.    This email was not for the purpose of notifying the consumer that intended to invoke a special remedy.

31.    After a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector may no longer contact the consumer in an attempt to collect the alleged debt.

32.    TA attempted to communicate with the consumer regarding the alleged debt after having written notice that Plaintiff refused to pay the debt.

33.    All of TA's actions complained of herein occurred within one year of the date of this Complaint.

34.    TA's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

35.    Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

36.    Here, Plaintiff has suffered an injury-in-fact in at least one of the manners

4

contemplated by Congress when it passed the FDCPA because of TA's conduct.

37.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of TA.

38.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

39.     TA's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692c(c) Of The FDCPA – Communication in Connection with Debt Collection

40.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

41.     Section § 1692c of the FDCPA prohibits a debt collector from communicating with a consumer with respect to a debt after a consumer notifies the debt collector in writing that the consumer refuses to pay the alleged debt.

42.     TA was notified of Plaintiff's refusal to pay, but then attempted to communicate with the consumer in violation of § 1692c(c).

43.     TA's violation of § 1692c of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yosselin Bedolla, prays that this Court:

A.      Declare that TA's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Yosselin Bedolla and against TA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

44.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

45.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

46.    TA's communications with Plaintiff could only have been meant to shame and harass the Plaintiff after Plaintiff clearly advised he was refusing to pay the alleged debt.

47.    TA's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Yosselin Bedolla, prays that this Court:

A.    Declare that TA's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Yosselin Bedolla, and against TA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

48.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49.    Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

50.    TA's communication with Plaintiff to collect a debt that Plaintiff refused to pay was patently unfair.

51.    TA used unfair and unconscionable means to attempt to collect the alleged debt.

52.    TA's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Yosselin Bedolla prays that this Court:

A.    Declare that TA's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Yosselin Bedolla, and against TA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

53.    Plaintiff demands a trial by jury on all Counts so triable.


Dated: February 21, 2025

Respectfully Submitted,


**HALVORSEN KLOTE**

By:    /s/ Gregory M. Klote

Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
greg@hklawstl.com
*Attorney for Plaintiff*